UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------X
YAEL SOKOL, on behalf of herself and all others similarly situated

     Plaintiffs,

  -against-

GEM RECOVERY SYSTEMS,

     Defendant.
---------------------------------------------------X

Civil Case Number:

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

  Plaintiff YAEL SOKOL (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant GEM RECOVERY SYSTEMS (hereinafter collectively "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. Defendant, Gem Recovery Systems, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by exposing personal identifying information visibly on the outside of its collection letter mailed to the Plaintiff.

4. As a direct and foreseeable result of Defendant's wrongful actions, Plaintiff suffered injury including exposure of her financial information.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

7. Plaintiff brings this class action on behalf of a class of a nationwide consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

8. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

9. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant is a collection agency with its principal office located at 99 Kinderkamack Road, Suite 308, Westwood, New Jersey 07675.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    a. All consumers nationwide who were sent a collection letter from Defendant such as the annexed Exhibit A, where the debtor's account number was displayed through the glassine window of the enclosing envelope in violation of 15 U.S.C. §1692f(8) *et seq*.

    b. The Class period begins one year to the filing of this Action.

    c. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

      i. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received the identical or substantially identical letter from the Defendant that 15 U.S.C. §1692f. Plaintiff is complaining of a boilerplate mass-produced letter that was issued to dozens, hundreds, or thousands of consumers, a copy of which is annexed as **Exhibit A**;

     ii. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    iii. Whether Defendant violated various provisions of the FDCPA;

    iv. Whether Plaintiff and the Class have been injured by Defendant's conduct;

     v. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    vi. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

15. Some time prior to November 6, 2016, an obligation was allegedly incurred to Dr. Harvey Gross, MD ("Dr. Gross").

16. The Dr. Gross obligation arose out of medical services provided to Plaintiff for personal purposes.

17. The alleged Dr. Gross obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Dr. Gross is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the Dr. Gross debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about November 6, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Dr. Gross debt. *See* **Exhibit A.**

22. The November 6, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The November 6, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The November 6, 2016 letter was sent in an envelope that contained a glassine window.

25. Visible through the glassine window was the Plaintiff's name, Plaintiff's address, and the Plaintiff's account number with the Defendant.

26. Congress has identified, at section 1692f(8) of the FDCPA, the risk of harm caused by disclosing personal identifying information on debt collection envelopes. Congress therefore has prohibited a debt collector such as Defendant from using unfair or unconscionable means to collect or attempt to collect a debt, specifically including "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

27. The account number assigned by Defendant to the Plaintiff is a piece of information capable of identifying Plaintiff as a debtor, and thus the disclosure has the potential to cause harm to a consumer and directly implicates and controverts individual privacy concerns which are a

core concern animating the FDCPA. 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

28. The account number constitutes personal identifying information of the debtor.

29. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (Third Cir. 2014).

30. Through the FDCPA, Congress created statutory legal rights to be free from certain abusive debt collection practices, including the disclosure of personal identifying information on the outside of the collection letter.

31. As a result of Defendant's conduct, Plaintiff and the putative class members have suffered concrete injuries.  In addition to having their privacy invaded, Plaintiff and the putative class members have had their personal identifying and account-related information unnecessarily disseminated by the Defendant.  Defendant's practice has subjected Plaintiff and the putative class members to an imminent or substantial increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress.  These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

32. Plaintiff and the putative class members further suffered actual harm, as they were subjected to unfair collection practices in violation of their substantive right to be free from such practices.

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

34. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

35. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons within one year of the date of this Complaint.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 .S.C. §1692f *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

37. Pursuant to 15 U.S.C. §1692f(8), a debt collector is prohibited from using any language or symbol, other than the debt collector's address, on any envelope when communicating with the consumer by use of mails.

38. The Defendant violated said section by putting the Plaintiff's account number visible on the November 6, 2016 letter.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Marcus & Zelman, LLC as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 10, 2016           */s/ Yitzchak Zelman*
                                   Yitzchak Zelman, Esq.
                                   Ari Marcus, Esq.
                                   MARCUS & ZELMAN, LLC
                                   1500 Allaire Avenue, Suite 101
                                   Ocean, New Jersey 07712
                                   (732) 695-3282 telephone
                                   (732) 298-6256 facsimile
                                   yzelman@marcuszelman.com
                                   *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  November 10, 2016          */s/ Yitzchak Zelman*
                                   Yitzchak Zelman, Esq.